UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MIRIAM BIRDSONG and CHERYL MIKEL, individually and on behalf of all others similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:24-cv-07994 ) |
| WALGREENS, INC., | ) ) [re ECF No. 14] |
| Defendant. | ) ) |

**JOINT MOTION TO STAY DISCOVERY**

Defendant Walgreen, Co.[1] and Plaintiffs, Miriam Birdsong and Cheryl Mikel, jointly request this Court stay discovery in this matter until it has decided Defendant's Motion to Dismiss (ECF No. 14), currently pending before the Court. In support of this Motion, the Parties state as follows.

**I. BACKGROUND**

This matter concerns Plaintiffs' allegations that they purchased certain "generic Mucinex" at a Walgreens, which they allege contained benzene, and suffered economic loss as a result. Plaintiffs seek both individual relief and to certify a class for "similarly situated" individuals. (ECF No. 5, ¶ 1.)

On January 24, 2025, Defendant filed a Motion to Dismiss ("Motion"), asking the Court to dismiss the entirety of Plaintiffs' Amended Complaint. That Motion addresses case-dispositive issues, *inter alia,* that Plaintiffs have not sufficiently alleged that they purchased products containing benzene and that the Federal Food Drug and Cosmetic Act preempts all state law

---

[1] As noted in its Motion to Dismiss, Defendant's correct name is Walgreen, Co.

307563345v3

claims. (ECF No. 14 at 5-12.) The Motion also seeks dismissal of individual claims—*e.g.*, strict liability and negligence—such that, if the Court grants the Motion only in part, the issues for discovery would substantially narrow.

The Court subsequently entered the following briefing schedule:

- Plaintiffs to respond to Defendants' Motion to Dismiss by February 18, 2025; and
- Defendant to reply by March 11, 2025.

(ECF No. 16.)

After the Court entered this schedule, the Parties conferred and agreed that judicial economy would be served by staying discovery until the Court decided the Motion to Dismiss.

## II. DISCUSSION

The filing of a motion to dismiss does not automatically stay an action, but courts have broad discretion in managing discovery. *Rodriguez v. Ford Motor Co.*, 21 cv 2553, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022); Fed. R. Civ. P. 26. In determining whether to stay discovery with a pending motion to dismiss, "the court may consider the following factors: (1) 'whether a stay will unduly prejudice or tactically disadvantage the non-moving party,' (2) 'whether a stay will simplify the issues in question and streamline the trial,' and (3) 'whether a stay will reduce the burden of litigation on the parties and on the court.'" *Id.*; *Sadler v. Retail Properties,* 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (collecting cases). A stay is often appropriate where "the motion to dismiss can resolve a threshold issue or where discovery may be especially burdensome and costly to the parties." *Rodriguez*, 2022 WL 704780, at *1 (cleaned up).

The Parties agree that a stay could simplify the issues before the Court and reduce the burden of litigation. Concerning the second factor, Defendant has raised issues that, if its Motion

is granted by the Court, would dispose of the entire Complaint, weighing in favor of granting a stay. *See Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc*., 12 cv 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (staying discovery and noting "[i]n the event the Court were to grant the motions, in whole or in part, the case could be over or significantly reduced").

The third factor also militates in favor of staying discovery. Courts have noted the "burden, time and expense often associated with responding to discovery in a putative class action" and "courts regularly stay discovery" with a pending motion to dismiss in such situations. *Rodriguez*, 2022 WL 704780, at *2. Plaintiffs ask the Court to certify a "nationwide class" of "[a]ll persons within the United States who purchased the generic brand Mucinex at Walgreen's stores." (ECF No. 5, ¶ 18.) Discovery in this case will likely be burdensome, time-consuming, and expensive, and could be rendered moot pending the outcome of Defendant's motion. Finally, the first factor—prejudice—does not outweigh the other two here, and generally having to wait for resolution is not sufficient prejudice for denying a stay. *Rodriguez*, 2022 WL 704780, at 1 ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay." (quoting *Sorensen v. Black & Decker Corp.*, 2007 WL 2696590, at *5 (S.D. Cal. Sept. 10, 2007)).

Accordingly, the Parties agree a stay of discovery would be appropriate in this matter.

### III. CONCLUSION

For the foregoing reasons, the Parties respectfully request the Court stay discovery until it has decided Defendant's Motion to Dismiss (ECF No. 14) and for any further relief this Court deems just and proper.

Dated:  January 31, 2025

Robin P. Sumner
*robin.sumner@troutman.com*
Troutman Pepper Locke LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4652

Roy T. Willey, IV
Paul Doolittle, Esq.
POULIN | WILLEY |
ANASTOPOULO, LLC
32 Ann Street Charleston, SC 29403
Tel: (803) 222-2222
Email: roy@poulinwilley.com
Paul.doolittle@poulinwilley.com
cmad@poulinwilley.com
 Attorneys for Plaintiffs

**WALGREEN CO**

By: /s/ *Robin P. Sumner*
   One of its Attorneys

**MIRIAM BIRDSONG AND CHERYL MIKEL**

By: /s/ *Paul Doolittle*
   One of their Attorneys

4